DLD-238                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2244
_____

IN RE:  JOHN W. FINK,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-12-cv-04125)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 14, 2018
Before:  JORDAN, SHWARTZ, and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 19, 2018)
_____

OPINION[*]
_____

PER CURIAM

        John Fink, proceeding pro se, petitions for a writ of mandamus directing the

United States District Court for the District of New Jersey to revisit its summary-

judgment ruling in a civil action that he litigated in that court.  For the reasons that

follow, we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In 2012, Fink filed a pro se civil action in the District Court against his former attorney, J. Philip Kirchner, and Kirchner's law firm, Flaster/Greenberg P.C. On December 20, 2016, the District Court granted summary judgment in favor of the defendants and closed the case. Fink appealed, and on May 4, 2018, our Court affirmed the District Court's judgment. See Fink v. Kirchner, No. 17-1170, 2018 WL 2077892, at *3 (3d Cir. May 4, 2018) (per curiam). Fink has since petitioned our Court to rehear his appeal en banc; that petition remains pending. Meanwhile, on June 5, 2018, Fink filed this mandamus petition, seeking an order that would remand his case to the District Court "to address all shortcomings in the December 20, 2016 Decision." (Mandamus Pet. 27.)

II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted). Fink has not made that showing here. An appeal, not a mandamus petition, is the proper vehicle for challenging the District Court's summary-judgment ruling. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal). Fink, of course, has already filed that appeal. To the extent that he is dissatisfied with the appeal's disposition, a proper course of action is to

2

petition for rehearing en banc, <u>see</u> Fed. R. App. P. 35(b), which he has done.  In the event that Fink disagrees with our Court's forthcoming ruling on his rehearing petition, he may file a petition for a writ of certiorari with the United States Supreme Court.[1]

In light of the above, we will deny Fink's mandamus petition.

---

[1] We take no position on the merits of that certiorari petition.